## KANSAS CITY PAPER BOX COMPANY, Appellant, v. AMERICAN FIRE INSURANCE COMPANY, Defendant.

**Kansas City Court of Appeals, June 8, 1903.**

**Insurance:** PRO RATA STIPULATION: CONCURRENT INSURANCE. The stipulation concerning the contributioin of the insurer in cases of loss must govern, and not stipulations in the concurrent policies of other insurers.

### Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Jas. C. Rieger* for appellant.

(1) "When language of an insurance policy is capable of two interpretations, that one must be adopted which is most favorable to the insured, and where there are inconsistent provisions, effect will be given to the one most favorable to the insured." Brown v. Assurance Co., 45 Mo. 221; Hoffman v. Accident Indemnity Co., 56 Mo. App. 301; Burnett v. Ins. Co., 103 Mo. 595; Hale v. Marine Ins. Co., 46 Mo. App. 508; Ethington v. Ins. Co., 55 Mo. App. 129. (2) There is but one way to apportion loss under policies having pro rata clause, viz.; two-thirds of stock being in 108 and one-third in 110, those policies attach in the same proportion; that is, two-thirds of policy must be apportioned on 108, and one-third on 110. So that unless the method we apply and employed by adjusters on policies not bearing pro rata clause is adopted, plaintiff could not possibly get the $5,500 that all the adjusters agreed upon. Angelrodt v. Ins. Co., 31 Mo. 593; Sherman v. Ins. Co., 39 Wis. 104; Wood on Fire Ins., 194.

(3) Compound policies insuring the property described in such policies, and other property, and which provide that the company shall not be liable for a greater proportion of any loss on the property described therein, than that which the amount insured thereby shall bear to the whole insurance covering such property, cover the property so described to their full amount, in case of a loss upon such property which is also described in and covered by specific policies. Page v. Ins. Co., 36 U. S. App. 672; Merrick v. Ins. Co., 54 Pa. St. 277; Ins. Co. v. Roedel, 78 Pa. St. 19; Ins. Co. v. Kerdier, 35 Mich. 395; Tuck v. Ins. Co., 56 N. H. 326.    (4) The pro rata clause attached to the ten policies were a part thereof, and should have been admitted in evidence, and it was error to exclude them, as shown by the foregoing authorities.

*Ed. E. Yates, M. A. Fyke* for respondent.

(1) There is no question of construction in this case. It is a question of mathematics, pure and simple. The respondent company is not to blame because assured allowed other companies writing on the same property "*in haec verba*" to limit their liability in a peculiar or unusual way. Respondent's liability is fixed by its own contract and not by other contracts between the assured and third parties.    (2) By its contract the only matter to be determined is how much insurance was there at the time of the fire on the property at Nos. 108 and 110 West third street. This was $9,750, and the total of the insurance is not changed because the insured accepted a clause on other policies by which it was agreed that such other policies should attach in such a proportion as the value in each room might bear to the whole value insured.

ELLISON, J.—This is an action on a policy of fire insurance in which the judgment in the trial court was

for the defendant. The policy sued on contained the following insurance clause:

"$500 on their stock of paper boxes and packages, manufactured, unmanufactured and in process of manufacture, together with all material and supplies usual to a paper-box manufactory. All while contained in the two-story brick composition-roof building *situated Nos. 108 and 110 West Third street, Kansas City, Mo.*"

And also contained the following condition:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto. Liability for reinsurance shall be as specifically agreed hereon."

There were on the property at the time of the fire, policies aggregating $9,750, each one of which described the property insured in exactly the same language as does the policy sued on. On ten of the policies the assured permitted the insurance companies to attach a pro rata clause, reading as follows:

"It is hereby agreed that in case of loss this policy shall attach in each building or division in such proportion as the value in each building or division bears to the aggregate value of the subjects insured. Attached to policy No. — of the —— Insurance Co. of ————, agents." This clause was not attached to the policy sued on, nor to three others.

Fire damaged the insured property to the amount of $5,500 on January 19, 1897. On January 29, 1897, the respondent company paid to the appellant $282.05, said sum being 500-9750 or 2-39ths of $5,500, the amount

of the loss.   This amount was arrived at in accordance with the provisions of the condition made a part of the policy sued on, which fixed the measure of the company's liability at "such proportion of the loss on the described property  .  .  .  as the amount hereby insured shall bear to the whole insurance, whether valid or not, covering such property."

The contention made by plaintiff is that the pro rata clause, above set out, which it permitted ten of the companies (not including defendant) to attach to their policies providing for a mode of adjustment and of ascertainment of loss in each building, should be considered in ascertaining the proportion of payment which should be made by this defendant.   But we are wholly unable to understand why its additional qualifying contract with other insurance companies, made without defendant's concurrence or knowledge, ought to have any influence on defendant's contract.   There can be no more reason for allowing plaintiff's contention than there would have been had it entered into a contract with those other companies, in any other respect, changing their relation to the property insured or their liability in case of loss.   The defendant can only be dealt with by the courts under the terms of its own contract.

The judgment rendered by the trial court was the only one which could be rendered, and it will consequently be affirmed.   All concur.